**MOTHERS' AND CHILDREN'S RIGHTS ORGANIZATION et al., Plaintiffs-Appellees,**

v.

**William R. STERRETT et al., Defendants-Appellants.**

**No. 71-1797.**

United States Court of Appeals, Seventh Circuit.

Argued April 21, 1972.

Decided Aug. 21, 1972.

Theodore L. Sendak, Atty. Gen., Darrell K. Diamond, Deputy Atty. Gen., Indianapolis, Ind., Robert H. Berning, Fort Wayne, Ind., for defendants-appellants.

Ivan E. Bodensteiner, Fort Wayne, Ind., for plaintiffs-appellees.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and KILEY, Circuit Judge.

KILEY, Circuit Judge.

The district court in this civil rights [1] class action granted the Mothers' and Children's Rights Organization, et al. (plaintiffs) permanent injunctive relief against Indiana's Administrator of Public Welfare and members of the Welfare Board restraining them from terminating or reducing Public Assistance Benefits unless the recipients are afforded a prior hearing. Defendants have appealed.[2] We affirm.

Plaintiffs are an unincorporated association of welfare recipients and some association members who were found to represent the class of plaintiffs which includes all recipients of Public Assistance Benefits in Indiana.[3] The civil right asserted is the protection of the Due Process Clause of the Fourteenth Amendment which was about to be denied by defendants' termination of benefits without hearing.

The named plaintiffs received notice in April, 1970, from Indiana's Allen County Department of Public Welfare indicating that their public assistance benefits would be terminated May 1, 1970, according to State Department of Public Welfare rules and regulations rendering stepchildren ineligible for benefits if residing with their stepfathers.[4]

1. 42 U.S.C. § 1983.

2. The court had issued a temporary restraining order and a preliminary injunction before issuing the permanent injunction. The three orders are substantially alike and applied to protect all members of the class.

3. This group includes recipients of Aid to Families with Dependent Children, Blind Assistance, Disability Assistance, and Old Age Assistance although named plaintiffs were only recipients of Aid to Families with Dependent Children.

4. At the time the suit was filed all named plaintiffs were mothers of minor children residing in the homes of stepfathers. The pertinent regulation was subsequently held invalid in Grubb v. Sterrett, 315 F.

The substance of the permanent injunction now before us is a restraint upon defendants from terminating or reducing "public assistance benefits" in all cases of the class plaintiffs represent without, among other things, providing due process requirements of prior written notices and a hearing—except where that action by defendants is the result of a change in the law applicable to all plaintiff recipients. The basis of the permanent injunction was the court's determination that the "challenged practices" of defendants were not in accordance with the Supreme Court decision in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

## I

Defendants contend that *Goldberg* does not require any evidentiary hearing prior to termination or reduction of benefits when, as here, there are no factual issues and when there are only issues of law.

■ Defendants did not present their contention in the district court and plaintiffs argue that the point is therefore waived. This court will not ordinarily decide questions which were not raised in the district court. However, defendants' counsel told this court in oral argument that the issue was raised orally in the district court and the statement was not denied. We are not disposed, therefore, to waive the only issue raised on this appeal.

## II

The issue in *Goldberg* was similar to the issue presented by defendants' contention before us.

"The constitutional issue to be decided, therefore, is the narrow one whether the Due Process Clause requires that the recipient be afforded an evidentiary hearing before the termination of benefits." *Goldberg*, 397 U.S. at 260, 90 S.Ct. at 1016.

Defendants argue that the injunction requires them to provide an evidentiary hearing in cases where there are no questions of fact,[5] and that no authority has been found requiring an evidentiary hearing where no facts are disputed. They claim that *Goldberg* does not mandate an evidentiary hearing in the usual sense of that term, but presents, so far as pertinent here, only choices of what forms of argument, written or oral argument or a combination of both are required. They insist that the instant injunction is too broad in its requirements since factual questions are often not involved.

The Court in *Goldberg* found justification for limiting the hearing to "minimum procedural safeguards, adapted to the particular characteristics of welfare recipients, and to the limited nature of the controversies to be resolved."[6] The *Goldberg* Court further decided that the recipient is to have timely and adequate notice with reasons for the proposed action and an effective opportunity to confront witnesses and to present arguments and evidence orally.[7]

The Supreme Court was of course speaking of the recipients in the case before it who had "challenged proposed terminations as resting on incorrect or misleading factual premises or on misapplication of rules or policies to the facts

Supp. 990 (N.D.Ind.1970), aff'd, 400 U.S. 922, 91 S.Ct. 187, 27 L.Ed.2d 182 (1970).

5. Defendants describe this as a "sour grapes" type of case where the welfare recipient does not specifically articulate his objections to the facts found by the welfare officials which would reduce or terminate his benefits, but merely brings the appeal in order to prolong his benefits. A recipient may not be able to articulate his valid objections until he is given a hearing at which he can present his objections. We know of no procedure where-

by it can be determined prior to a hearing that the recipient has requested a hearing with a "sour grapes" motivation. The overwhelming consideration of the recipient's "brutal need" requires that his benefits not be terminated or reduced without the opportunity to present his objections based on points of law at a hearing. *Cf. Goldberg*, 397 U.S. at 261, 90 S.Ct. 1011.

6. 397 U.S. at 267, 90 S.Ct. at 1020.

7. 397 U.S. at 267–268, 90 S.Ct. 1011.

of particular cases." [8]  In a footnote the Court said it did not reach the question whether due process was satisfied by "an opportunity for written submission, or an opportunity both for written submission and oral argument, where there are no factual issues in dispute or where the application of the rule of law is not intertwined with factual issues." [9]

Defendants are correct in arguing that *Goldberg* does not expressly hold that its "minimum standards" apply where there is no dispute about the facts and the only issue is one of law or policy.[10]  And the exculpatory footnote in *Goldberg* leaves room for speculation that the Court implies that where only legal or policy questions are involved no prior evidentiary hearing is required.

We think it is obvious that where pure questions of law are concerned the Supreme Court's insistence upon confrontation of witnesses and cross-examination are not applicable.  Those Sixth Amendment rights clearly deal with witnesses.  However, we think that nevertheless an "adequate opportunity for argument" ought to be afforded.  *Cf.* Connecticut St. Dep't of Pub. W. v. HEW, 448 F.2d 209, 212 (2d Cir. 1971).  And we think questions of policy may or may not justify requirement of an opportunity to present evidence.  Recipients may, for example, be able to show that a policy of assuming that stepfathers will provide support for dependent children is unwise since state law does not require stepfathers to support stepchildren and stepfathers are often unable or unwilling to support stepchildren.

The injunction does not compel an "evidentiary hearing" before benefits can be terminated or reduced.  It does not compel such a hearing where no facts are or need be determined.  It does set out extensive rights of recipients before that action may be taken.  If a hearing is requested and only a pure legal question is involved, the recipient is not entitled to exercise his "right" to produce witnesses under (a) (5) of the injunction nor present evidence under (b) (2) or to confront and cross-examine witnesses.

■ When a hearing is requested the "impartial decision maker" [11] with the aid of agency counsel will, presumably, make a determination whether (a) there is a pure question of law, (b) whether fact questions are involved, or (c) whether law or policy questions are intertwined with factual questions.  If the determination is (a), no evidence need be taken; but since a recipient may retain counsel and the question is one of application of the law, reasonable opportunity for argument ought to be given.  If the determination is (b) or (c), then the recipient may exercise, in a formal proceeding, the rights listed in the injunction relevant to the facts in question.  The rights listed in the injunction are substantially supported by *Goldberg.*

Defendants also contend that there should not be an "evidentiary" hearing in cases where the reduction or termination of benefits is necessitated by statute or regulation.  They cite for example the question whether children of a mother who receives Aid to Families with Dependent Children and who remarries is entitled to receive welfare benefits when the children are now living in their stepfather's house.[12]  Even in this example someone must, if requested or needed, make the determina-

---

8.  397 U.S. at 268, 90 S.Ct. at 1020.

9.  397 U.S. at 268, n. 15, 90 S.Ct. at 1020.

10.  In the case of Russo v. Kirby, 453 F.2d 548, 551 (2d Cir. 1971), the Second Circuit found that Goldberg v. Kelly did not require a pretermination hearing for strikers who had been receiving welfare benefits but who were not entitled to them under new state law.  The court stated, however, "there was no occasion for a hearing on the point [of law]" under *Goldberg.*  The court was speaking there of an evidentiary hearing.  This is clear from the court's reference to its earlier opinion in Connecticut St. Dep't of Pub. W. v. HEW, 448 F.2d 209, 212 (2d Cir. 1971).

11.  *Goldberg,* 397 U.S. at 271, 90 S.Ct. 1011.

12.  *See* n. 4, *supra.*

tion whether the mother has remarried. *See* Russo v. Kirby, 453 F.2d 548, 551 (2d Cir. 1971). Furthermore, facts may not be contested in a case and yet the recipient may need an opportunity to argue that the statute or regulation is invalid or not applicable to the undisputed facts. *Cf.* Connecticut St. Dep't of Pub. W., *supra.*

Defendants' arguments about countervailing interests of Indiana have mostly been rejected in *Goldberg.* And we are persuaded by *Goldberg* that defendants' remaining asserted interests do not outweigh the interests of the recipients here. Neither do we find cases cited by defendants apposite in view of *Goldberg.*

The injunction issued by the district judge, read reasonably, is not overly broad in its scope and is in accordance with the views expressed by the Supreme Court in Goldberg v. Kelly.

For the reasons given, the judgment is affirmed.