**Francis BURLINGAME et al., Plaintiffs,**

**v.**

**Wilbur J. SCHMIDT, Individually and as Secretary of the Wisconsin Department of Health and Social Services, et al., Defendants.**

**No. 73-C-401.**

United States District Court, E. D. Wisconsin.

Dec. 18, 1973.

Freedom Through Equality, Inc. by Steven H. Steinglass, Brian A. Jeffrey, Patricia D. McMahon, Milwaukee, Wis., for plaintiffs.

James W. Conway, Corp. Counsel, Milwaukee, Wis., for Silverman & Pokorny.

George B. Schwahn, Asst. Atty. Gen., Madison, Wis., for Schmidt, Newgent & Buehler.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the parties' cross-motions for summary judgment. The plaintiffs have previously filed motions for the maintainability of a class action and for preliminary injunctive relief in this cause.

The named plaintiffs are residents of Milwaukee County who live in federally-assisted public housing and receive aid under Wisconsin's categorical assistance programs through the county department of public welfare (MCDPW). The named defendants, in their official capacities, supervise and administer the categorical assistance programs at the state and county levels, including those activities which are the subject matter of this suit: (1) the procedure and policy under which benefits are reduced, terminated or suspended, and (2) the procedure and policy under which the system of hearings and review is provided.

The Brooke amendment, § 213 of the Housing and Urban Development Act of 1969, 42 U.S.C. § 1402, provides that persons living in federally-assisted public housing may not pay more than 25% of their income for rent. The plaintiffs receive a shelter allowance from the MCDPW, as set forth in the housing authority of the city of Milwaukee (HACM) base rent schedule. But the amount of rent they actually pay to the HACM is computed under the Brooke amendment and is less than the shelter allowance.

In April, 1973, the HACM raised the base rent for welfare recipients; in accordance with this schedule, the MCDPW raised their shelter allowance. In July, 1973, the MCDPW decided to lower the shelter allowances to the amount stated in the base rent schedule which was in effect prior to April, 1973. The proposed cuts were scheduled to become effective on August 1, 1973.

This lawsuit was filed on July 26, 1973. Causes of the action are alleged under 42 U.S.C. §§ 1983 and 1988; this court has jurisdiction over both the parties and the subject matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. The plaintiffs have not raised the substantive issue of whether the proposed cuts are consistent with the Brooke amendment. Instead, the plaintiffs urge that should the proposed welfare cuts be implemented pursuant to existing state and county welfare agency policy and procedure, then their welfare grants will have been reduced, terminated, or suspended in violation of their rights to procedural due process. Specifically, the plaintiffs claim that they have not received adequate advance written notice of the proposed cuts and of their right to a hearing. Moreover, the plaintiffs claim that they not only have a right to receive continuing assistance pending a hearing but pending the decision after such hearing.

On July 30, 1973, I granted the plaintiffs' motion for a temporary restraining order. The MCDPW officials were enjoined

" . . . from implementing the proposed reductions, terminations, or suspensions scheduled to be effective on or after August 1, 1973, of welfare grants relative to presently existing shelter allowances for welfare recipients who receive categorical assistance from the Milwaukee County Department of Public Welfare and who live in federally-assisted public housing in Milwaukee County."

The plaintiffs' motion for the maintainability of a class action in this matter contemplates the inclusion of a class consisting of all recipients of categorical assistance in Wisconsin, not just the sub-class covered in my order of July 30, 1973. The permanent injunction presently sought by the plaintiffs in their cross-motion for summary judgment would permit the implementation of the proposed welfare cuts, provided the defendants' procedures and policies are first conformed to meet certain due process requirements. The parties' positions with regard to these motions have been briefed. I conclude that there ex-

ists *no issue of material fact* and that the plaintiffs' motions for the maintainability of a class action and for summary judgment should be granted only in part. Since the relief sought by the plaintiffs in their cross-motion for summary judgment calls for injunctive relief of a permanent nature, their earlier motion for preliminary injunction will be by-passed.

## I. FINDINGS OF FACT

1. Wisconsin participates in the federal government's categorical assistance programs of Old Age Assistance, 42 U.S.C. § 301 et seq.; Aid to Families with Dependent Children, 42 U.S.C. § 601 et seq.; Aid to the Blind, 42 U.S.C. § 1201 et seq.; and Aid to the Permanently and Totally Disabled, 42 U.S.C. § 1351 et seq., under Title I, IV–A, X and XIV of the Social Security Act, 42 U.S.C. § 301 et seq.

2. These categorical assistance programs are administered by county welfare agencies, like the MCDPW, whose activities are supervised by the Wisconsin department of health and social services (WDHSS).

3. Pursuant to federal and state law, the WDHSS maintains a system of hearings under which individuals may have decisions affecting them reviewed by the WDHSS.

4. The WDHSS does not require county welfare agencies to use a specific form in advising welfare recipients of proposed actions to reduce, terminate, or suspend their welfare grants.

5. The MCDPW's "client change notice", form 5015–1R2, which is utilized for that purpose, fails to advise welfare recipients of the circumstances under which continuing assistance will be granted, of the detailed reasons for the proposed action, and of the specific regulations providing the legal basis for the proposed action. Such notice is required by the HEW regulation at 45 C.F.R. § 205.10(a)(4)(i)(B).

6. The WDHSS does not require county welfare agencies to delay a proposed reduction, termination, or suspension of the welfare grant of a recipient who the county welfare agency knows is seeking to appeal a proposed action unless and until a determination is made by the WDHSS that it is appropriate to continue assistance pending the hearing. Continuance of aid pending the hearing (subject to recovery by the agency if its action is sustained), as opposed to a continuance pending the hearing decision, is required by the HEW regulations at 45 C.F.R. § 205.10(a)(6).

7. It is the policy of the MCDPW to implement a proposed termination, reduction or suspension of welfare benefits unless and until such agency receives a written notice from the WDHSS ordering them to continue assistance pending the hearing.

8. The MCDPW follows this policy when it is aware of the fact that a welfare recipient has requested a hearing or when a recipient has followed the directions on the "client change notice", form 5015–1R2, and has signed, torn off and returned to the MCDPW the form indicating that he wishes to appeal the proposed action.

9. It is the policy and practice of the MCDPW to consider a signed statement as described in ¶ 8 as only a request for hearing forms and not to consider it a hearing request. The HEW regulation at 45 C.F.R. § 205.10(a)(3)(i) defines a hearing request contra.

10. The WDHSS does not require the continuation of assistance pending the hearing, where it determines in advance of such hearing that the issue raised by the appeal is solely one of policy or law, as opposed to one of fact or judgment.

## II. CONCLUSIONS OF LAW

1. This action is properly maintainable as a class action under Rule 23(b)(2), Federal Rules of Civil Procedure, on behalf of all persons in the state of Wisconsin whose welfare grants under the categorical assistance programs are reduced, terminated, or suspended in a manner inconsistent with

their right to receive continuing assistance pending a hearing. See Wheeler v. Montgomery, 397 U.S. 280, 90 S.Ct. 1026, 25 L.Ed.2d 307 (1970); Majchzak v. Schmidt, 358 F.Supp. 1165 (E.D. Wis.1973); Yee-Litt v. Richardson, 353 F.Supp. 996 (N.D.Cal.1973), aff'd Carleson v. Yee-Litt, 412 U.S. 924, 93 S. Ct. 2753, 37 L.Ed.2d 152.

■ 2. By engaging in, or allowing county welfare departments to engage in, the policy and practice of failing to provide welfare recipients whose grants are being reduced, terminated or suspended with adequate written notice, the defendants have violated rights secured to the plaintiffs and their class by the due process clause of the fourteenth amendment, the Social Security Act, 42 U.S.C. § 301 et seq., and the HEW regulations promulgated thereunder.

■ 3. Where a timely "hearing request" as defined at 45 C.F.R. § 205.-10(a)(5)(i) has been made, the defendants have violated rights secured to the plaintiffs and their class under the due process clause of the fourteenth amendment, the Social Security Act, HEW regulations, and the Wisconsin State Plan, by their policy and practice of nevertheless implementing decisions to reduce, terminate, or suspend welfare grants in advance of a decision, in accord with the procedure and policy outlined at 45 C.F.R. § 205.10(a)(6) that such implementation is appropriate.

■ 4. By their policy and practice of determining the right to a hearing or to continuing assistance *pending* that hearing, by distinguishing between requests raising issues of fact or judgment, as opposed to those raising only issues of law or policy, the defendants have deprived the plaintiffs of the right to a prior hearing, in violation of the due process clause of the fourteenth amendment, as well as the Social Security Act, and the HEW regulations promulgated thereunder. See Mothers' & Children's Rights Organization v. Sterrett, 467 F.2d 797 (7th Cir. 1972); Yee-Litt v. Richardson, 353 F.Supp. 996

(N.D.Calif.1973), aff'd Carlson v. Yee-Litt, 412 U.S. 924, 93 S.Ct. 2753, 37 L.Ed.2d 152; Cf. 45 C.F.R. §§ 205.-10(a)(6) and (3)(iv).

## III. DISCUSSION

Existing case law and current HEW regulations are supportive of the plaintiffs' challenge to the defendants' practices of failing to give to the members of the plaintiffs' class adequate notice of proposed cuts, the right to a hearing, and the right to a continuation of assistance pending that hearing, regardless of the fact versus policy characterization of the appeal. However, I find no merit in the plaintiffs' contention that utilization of a fact-policy distinction is invalid in the context of a *post*-hearing determination that assistance should be discontinued pending the rendition of the hearing decision.

The current HEW regulations at 45 C.F.R. § 205.10(a), read in pertinent part:

"(6) If the recipient requests a hearing within the timely notice period:

"(i) Assistance shall not be suspended, reduced, discontinued or terminated, (but is subject to recovery by the agency if its action is sustained), until a decision is rendered after a hearing unless:

"(A) A determination is made at the hearing that the sole issue is one of State or Federal law or policy, or change in State or Federal law and not one of incorrect grant computation, or

"(B) a change affecting the recipient's grant occurs while the hearing decision is pending and the recipient fails to request a hearing after notice of the change;"

To the extent that this scheme permits the hearing examiner at the hearing itself some discretion in determining the propriety of continuing aid beyond that point, it is consistent with the ruling by the three-judge court in *Yee-Litt*, supra, which held that the fact-policy

distinction was "not viable in the welfare context for making the critical determination of whether aid will be paid *pending* a hearing." (emphasis added). 353 F.Supp. at 1000.

A *pre*-hearing determination of discontinuance which is based on the application of a fact-policy distinction is open to abuses, the potential for which is not present at the hearing or *post*-hearing stage. Much of the plaintiffs' concern lies with the plight of the unsophisticated welfare recipient who, at the *pre*-hearing stage, is burdened with the task of artfully pleading a "fact" as opposed to a "policy" appeal under a system like the one which was found to be objectionable in *Yee-Litt*, wherein a pre-hearing determination is made concerning the continuation of aid on the basis of a fact-policy distinction. However, once the appellant has received his hearing and voiced his objections to a proposed cut on whatever grounds available, the situation is changed, and the fact-policy distinction becomes viable, as in the scheme provided in the HEW regulations at 45 C.F.R. § 205.10(a).

By requiring that aid be continued in all cases, at least until the hearing is held, these HEW regulations have successfully abandoned the fact-policy distinction in that context in which it was found to be objectionable by the court in *Yee-Litt*, and yet preserved it at the hearing itself, where it is a workable standard.

## IV. CONCLUSION

Therefore, it is ordered that this action be and hereby is maintainable as a class action under Rule 23(b)(2), Federal Rules of Civil Procedure, on behalf of a class consisting of all persons in the state of Wisconsin whose welfare grants under the categorical assistance programs are reduced, terminated, or suspended in a manner which is inconsistent with their right to receive continuing assistance pending a hearing.

It is also ordered that the defendants' motion for summary judgment be and hereby is denied, and that the plaintiffs' cross-motion for summary judgment be and hereby is granted only in part. The defendants Wilbur J. Schmidt, Frank Newgent, Earl Buehler, Arthur Silverman, Frank Pokorny and their agents, employees, successors in office, assistants, and all other persons acting in concert or cooperation with them or at their direction or under their control, are permanently enjoined from failing to:

1. Provide all members of the plaintiffs' class with adequate advance written notice of proposed actions to reduce, terminate or suspend their welfare grants, which notice shall: (a) notify the recipient of the circumstances under which assistance will be continued if a hearing is requested; (b) specify the reasons for the proposed agency action; and (c) cite the regulations supporting such action.

2. Provide continuing assistance to those of the plaintiffs and the members of their class who properly request a fair hearing to challenge any proposed reduction, termination, or suspension until such time as a hearing is held and a determination is made that such continuing assistance is not authorized in such challenge.

It is also ordered that the defendants shall, as soon as practicable, notify all state and county welfare department personnel responsible for processing reductions, terminations, or suspensions of grants, as well as those responsible for processing fair hearing requests, of the existence of this order.