Violet ALMEIDA, on her own behalf and on behalf of all persons similarly situated, Plaintiffs,

v.

Andrew CHANG, in his capacity as Director, Department of Social Services & Housing, State of Hawaii, Edwin Tam, in his capacity as Public Welfare Administrator, Department of Social Services & Housing, State of Hawaii, Defendants.

Civ. No. 77–0151.

United States District Court,
D. Hawaii.

Aug. 4, 1977.

Stanley E. Levin, Karen M. Radius, Legal Aid Society of Hawaii, Honolulu, Hawaii, for plaintiffs.

James P. Dandar, Deputy Atty. Gen., Ronald Y. Amemiya, Atty. Gen., State of Hawaii, Honolulu, Hawaii, for defendants.

## DECISION ON MOTION FOR SUMMARY JUDGMENT

SAMUEL P. KING, Chief Judge.

This case of first impression concerns the interpretation of federal regulations governing the termination of certain forms of welfare assistance.[1] The regulations at issue define the extent of a recipient's right to continued assistance pending a fair hearing on the merits of a proposed termination of benefits.

### I.

On or about April 1, 1977, Mrs. Rosalia Kane, a sixty year old widow who is charged with the care of her grandson, received notice from the State of Hawaii that her Aid to Families with Dependent Children (AFDC) assistance and medicaid benefits would be terminated, effective May 1, 1977, because she owned real property with an equity in excess of $500 upon which she did not live.[2] On April 27, 1977, Mrs. Kane contacted the Legal Aid Society of Hawaii, whose representatives immediately filed a request for a hearing on the merits of the proposed termination. Although the state granted her request for a hearing, it informed Mrs. Kane that until such time as a hearing decision was rendered on the merits of her appeal she would not be entitled to any benefits.

The state's refusal to extend benefits to Mrs. Kane pending the hearing followed from the application of Hawaii Public Welfare Manual (HPWM) section 2509, which reads in pertinent part:

When a signed written request for a fair hearing is not received within 10 days from the date of notice, action to reduce or terminate payment shall be taken. . . .

Since Mrs. Kane had not filed her request for a hearing within this ten-day period, the state, while admitting that her hearing request was timely filed so as to require a decision on the merits, denied her continued assistance pending disposition of that appeal.

Similarly, on or about April 11, 1977, the state mailed a notice of termination of welfare benefits to Mrs. Violet Almeida, effective May, 1977. Mrs. Almeida, who maintains a post office box, did not receive this notice personally until April 22, 1977. By the time the state received her written fair hearing request on April 26, 1977, the ten-day period allowed by the state had expired. Again, the state granted Mrs. Almeida's request for a hearing, but pursuant to HPWM section 2509, it refused to provide her with continued assistance pending the disposition of that hearing.

On May 3, 1977, Mrs. Kane and Mrs. Almeida brought an action under 42 U.S.C. § 1983 on behalf of themselves and all other similarly situated welfare recipients.[3] Alleging that HPWM section 2509 violated controlling federal regulations, plaintiffs sought a declaration that the state's "ten-day" practice is invalid and an injunction preventing its enforcement. The case is now before me on the plaintiffs' motion for summary judgment.

1. The regulations at issue here do not cover food stamps. The right to continued food stamp benefits pending a fair hearing decision is treated in *Dingle v. Lam*, 434 F.Supp. 1173, Civ. No. 77–0112 (D. Hawaii, filed August 4, 1977).

2. Mrs. Kane owns land on the Island of Hawaii which was purchased for $955 in 1966. It produces no income and has not been sold, although it has been listed with a broker for several years.

3. On June 20, 1977, I certified that plaintiffs Almeida and Kane represented the class of all public assistance recipients, excluding recipients of state general assistance and food stamps only, who:

a.) receive written notice from the state of the termination, reduction, or suspension of their public assistance; and

b.) file a hearing request between the date of notice of the termination, reduction, or suspension of the assistance and the date when the assistance would next normally be paid; and

c.) are denied full public assistance pending a final decision of the hearing request.

## II.

The plaintiffs claim that HPWM section 2509 violates the provisions of 45 C.F.R. section 205.10(a)(6) (1976). That regulation, which deals with proposed terminations of AFDC and medicaid assistance, provides in part that:

If the recipient requests a hearing within the timely notice period:

(i) Assistance shall not be suspended, reduced, discontinued or terminated . . . . .

Hence, the crucial issue in this case ·is whether the "timely notice period," as that term is used in section 205.10(a)(6), can extend for only the ten days provided in HPWM section 2509 or whether that period must include certain days prior to the date the action to terminate took place. If the former interpretation is correct, the plaintiffs' claim is barred because it is undisputed that through inadvertence or otherwise they failed to request a hearing within ten days from the date of notice. If the latter proposition is accepted, HPWM section 2509 conflicts with federal regulations and is thus invalid.

■ As is usual with many, if not most, federal regulations, section 205.10(a)(6) is not free from ambiguity. It is part of a larger group of regulations, 45 C.F.R. section 205.10 (1976), which were enacted in response to *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), a case which held that procedural due process requires that a welfare recipient receive some sort of a hearing before the recipient's benefits are terminated. *See, e. g., Barrett v. Roberts,* 551 F.2d 662 (5th Cir. 1977).[4] Nowhere in the regulations is the phrase "timely notice period" explicitly defined. However, there is some reference to the word "timely." 45 C.F.R. section 205.-10(a)(4) (1976) provides in part:

In cases of intended action to discontinue, terminate, suspend, or reduce assistance:

(i) The State or local agency shall give timely and adequate notice. . . . .

Under this requirement:

(A) "Timely" means that the notice is mailed at least 10 days before the date of action, that is, the date upon which the action would become effective.

Using this definition of "timely" as a guide, it seems clear that the "timely notice period" must extend for at least 10 days and that these ten days must occur before the date the action becomes effective. That does not answer the question of whether or not the state can provide for a "timely notice period" of only ten days, and arbitrarily pick any ten-day period without regard to when the termination becomes effective. In my opinion, the phrase "timely notice period" should be interpreted to be a period of at least ten days which extends from the date of notice of termination to the date the action becomes effective. Since these plaintiffs filed a request for a hearing within this period, the application of HPWM, section 2509 to prohibit their receipt of continued assistance is invalid.

The "timely notice period" must be interpreted to extend until the date of effective action for a number of reasons. First of all, section 205.10(a)(4)(i) does define the phrase "timely" in relation to the date the action to terminate becomes effective, not the date the notice is to be sent. The termination date is the most important date to both the recipient and the state. It is the date when a recipient's previous funds are scheduled to run out and, at that time, the recipient is no longer a burden on the state. Therefore, it makes more sense to have the "timely notice period" defined in relation to the date of termination than to have it defined in relation to whichever date the state chooses to send out notices.

Second, an interpretation of the timely period as ending ten days after the date of notice of termination leads to the anomalous result that a fair hearing request after that time, but before the actual termination occurs, is "timely" for purposes of obtaining

---

4. For cases discussing these HEW regulations in other contexts, see *Feld v. Berger,* 424 F.Supp. 1356 (S.D.N.Y.1976); *Harrell v. Hard-er,* 369 F.Supp. 810, 816–19 (D.Conn.1974); *Burlingame v. Schmidt,* 368 F.Supp. 429 (E.D. Wis.1973).

a hearing on the merits, *i. e.*, the appeal will be heard, but it is "untimely" for purposes of maintaining the status quo pending the disposition of that hearing. Such a result seems hardly logical.

■ Finally, and most importantly, the interpretation of section 205.10(a)(6) cannot be made without consideration of the Supreme Court's decision in *Goldberg v. Kelly*, *supra*. That case, it will be recalled, held that procedural due process required that a state grant a recipient some kind of a hearing *before*, not *after*, a termination of public assistance. Section 205.10(a)(6), which allows the state to require a recipient to request continued assistance within a certain time period in order to receive it pending the hearing, may pass constitutional muster under *Goldberg*.[5] Nevertheless, in light of *Goldberg*, ambiguities in federal welfare regulations dealing with terminations prior to hearings should be construed in favor of the recipient. If the federal government had wanted to allow ten-day periods to be set with reference to the date of notice only, it could easily have said so. I therefore hold that the "timely notice period," as that phrase is used in 45 C.F.R. section 205.10(a)(6) (1976), extends from the date of notice of termination until the date the action to terminate becomes effective.[6] This period must include at least ten days.[7] *See also Dingle v. Lam*, 434 F.Supp. 1173, Civ. No. 77–0112 (D. Hawaii, filed August 4, 1977).

■ The state makes one final argument to avoid the invalidation of HPWM section 2509. It maintains that the date of action of termination is not the date when the termination becomes effective (in these cases, May, 1977) but the date when the state's computer programmer removed the plaintiffs' names from the eligibility list. The state's employees were instructed to complete this maneuver ten days after the date the notices were sent out, if there had been no intervening request for a hearing. Thus, Mrs. Kane was terminated, and her timely notice period ended on April 11, 1977, and Mrs. Almeida was terminated on April 21, 1977. Under this rationale, the plaintiffs' requests in latter April were too late. This argument is foreclosed by 45 C.F.R. section 205.10(a)(4)(i)(A) (1976) which describes the date of action to be "the date upon which the action would become effective." The action involved here became effective in May, 1977, when the plaintiffs did not receive their usual assistance checks.

### III.

Since the plaintiffs filed requests for fair hearings before the effective date of the termination of their benefits, their requests were made within the timely notice period set forth in 45 C.F.R. section 205.10(a)(6) (1976). They are entitled to summary judgment on their claim, complete with a declaration that HPWM section 2509 violates applicable federal regulations. The state's employees will be enjoined from enforcing that section against the members of the

---

5. In view of my interpretation of § 205.10(a)(6), it is not necessary to decide if the state can ever constitutionally terminate assistance under *Goldberg* before a hearing, even if the recipient does not request continued assistance. *See generally Barrett v. Roberts*, 551 F.2d 662 (5th Cir. 1977).

6. The only alternative interpretation would be to hold that the timely notice period must include the ten days prior to termination, plus any additional time that the state by regulation allows. Since HPWM § 2509 allows the ten days after notice, this interpretation could result in a strange situation when the state sends out notices more than 20 days in advance of termination. The recipient would be able to request continued assistance for ten days, then could not so request, and then would be able to do so again. I prefer to interpret the timely notice period to include all the time between the date of notice and the date of termination.

7. The recent case of *Barrett v. Roberts*, 551 F.2d 662 (5th Cir. 1977), which upheld Florida's program of postponing benefits for up to 20 days for those who both received notice of terminations and made *timely* requests for continued assistance, is not on point. It does not deal with the required length of the "timely notice period." Florida sent the notices out only ten days before the effective date of the action. Therefore, the period was only the minimum ten days.

plaintiff class. An appropriate order will issue.