**Juanita FRANCO, Appellant,**

v.

**RAMSEY COUNTY COMMUNITY HUMAN SERVICES, State of Minnesota, Department of Human Services, Respondents.**

No. C6–87–723.

Court of Appeals of Minnesota.

Oct. 20, 1987.

Bernice L. Fields, Southern Minn. Regional Legal Services, Inc., St. Paul, for appellant.

Tom Foley, Co. Atty., Gary A. Davis, Nancy B. Hager, Sp. Asst. Co. Atty., St. Paul, for respondent Ramsey County Community Human Services.

Hubert H. Humphrey, III, Atty. Gen., Blake Shepard, Jr., Deborah L. Huskins, Sp. Asst. Atty. Gen., St. Paul, for respondent State of Minn. Dept. of Human Services.

Heard, considered and decided by POPOVICH, C.J., and NORTON and LOMMEN *, JJ.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

NORTON, Judge.

Appellant Juanita Franco challenges the trial court's determination that respondent Ramsey County Community Human Services (RCCHS) gave appellant timely notice of the proposed termination of her AFDC benefits for failure to verify her whereabouts and that appellant failed to verify her whereabouts as required by law. We reverse.

## FACTS

Appellant Juanita Franco and her child live in subsidized housing in St. Paul, and receive benefits from Aid to Families with Dependent Children (AFDC). In November 1985, appellant's landlady contacted the Public Housing Agency of the City of St. Paul (PHA), which administers subsidized housing programs for the city. She also contacted respondent RCCHS, which administers the AFDC program for Ramsey County. The landlady told both agencies that appellant was not living at her address of record.

On November 20, 1985, RCCHS mailed a Notice of Action to appellant at her address of record. The notice stated that appellant's AFDC grant was being terminated because:

WHEREABOUT UNKNOWN WE HAVE RECEIVED INFORMATION THAT YOU NO LONGER RESIDE AT THIS ADDRESS WE NEED VERIFICATION OF YOUR CURRENT ADDRESS.

The notice gave November 30, 1985, as the effective date of termination.

In addition, the back of the notice contained information regarding rights, responsibilities, and procedures for appeal, including the statement that:

The county agency will complete this action on the date shown unless you provide information to the contrary or appeal this action as explained below.

Franco acknowledges receiving the notice of termination on or about November 21, 1985. She was in the process of moving and put the notice in a box with some other mail. RCCHS offices were closed for the Thanksgiving Day holiday from Thursday, November 28, through Sunday, December 1. The last day of the notice period provided by respondent fell on Saturday, November 30.

On Monday, December 2, appellant called RCCHS and reported that she had lived at the address of record through November. She stated that she had moved on December 1, and she provided RCCHS with her new address. A financial worker told Franco that her AFDC check for that week would be sent to her old address.

When appellant did not receive her AFDC check, she again called RCCHS, and was told she had been terminated from the AFDC program for failure to verify her whereabouts by November 30, 1985. Franco then reapplied for AFDC, and her grant was reinstated effective December 9. Appellant's lost benefits for the period between December 1 and December 8 totaled $108.

Franco appealed the termination to the State of Minnesota Department of Human Services. After a hearing, the referee found that the notice of termination was improper because the agency made insufficient efforts to contact appellant and verify her residence. The referee further found that the evidence showed appellant lived at her address of record in November 1985. In view of these findings, the referee concluded that appellant's failure to respond to the notice until December 2, 1985 was irrelevant. The referee recommended reversing the termination of appellant's benefits.

The Commissioner's representative reviewed the referee's determination. Contrary to the referee's finding, the Commissioner's representative concluded that substantial evidence in the record showed appellant did not live at her address of record in November 1985. The Commissioner's representative also rejected the referee's finding that the notice of termination was improper, concluding instead:

County Agencies routinely, properly, and with authority, put recipients on notice that an adverse action will be taken by proposed action unless required informa-

tion is submitted. This is standard procedure in the administration of public assistance programs and the result is often that the recipient provides the information and the County Agency withdraws the notice of adverse action.

The Commissioner's representative accordingly rejected the referee's recommendation and affirmed the termination of benefits.

Franco sought review in district court. The court found that respondent had received information that appellant was not living at her address of record; that the agency is required to redetermine eligibility when it receives such information; and that respondent complied with this requirement by sending appellant a timely notice requesting verification of her whereabouts and proposing termination of her benefits for failure to comply with verification. Without further discussion of the timeliness issue, the court found that appellant had failed to verify her whereabouts as required by law. The court therefore upheld the decision of the Commissioner's representative to terminate appellant's AFDC benefits on the basis of failure to verify her whereabouts. This appeal followed.

## ISSUE

Was the notice of termination of benefits timely?

## ANALYSIS

■ Judicial review of the trial court's order is authorized by Minnesota's welfare laws. *See* Minn.Stat. § 256.045, subd. 9 (1986). Where the district court is acting in an appellate capacity with respect to administrative agencies, this court on appeal makes an independent examination of the agency's record and decision and arrives at its own conclusions as to the propriety of that determination, "without according any special deference to the same review conducted by the trial court." *Reserve Mining Co. v. Herbst*, 256 N.W.2d 808, 824 (Minn.1977).

This court may reverse or modify respondent's administrative decision if appellant's substantial rights may have been prejudiced because the findings and decision are:

(a) In violation of constitutional provisions; or

(b) In excess of the statutory authority or jurisdiction of the agency; or

(c) Made upon unlawful procedure; or

(d) Affected by other error of law; or

(e) Unsupported by substantial evidence in view of the entire record as submitted; or

(f) Arbitrary or capricious.

Minn.Stat. § 14.69 (1986).

■ Due process requires that welfare recipients must have "timely and adequate notice detailing the reasons for a proposed termination" of welfare benefits. *Goldberg v. Kelly*, 397 U.S. 254, 267–68, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1970). Federal regulations provide:

(A) "Timely" means that the notice is mailed at least 10 days before the date of action, that is, the date upon which the action would become effective.

45 C.F.R. § 205.10(a)(4)(i)(A) (1986). Minnesota AFDC rules similarly require that written notice of termination must be "mailed to the recipient at least ten days before the effective date of the action." Minn.R. 9500.0250, subpt. 2 (1985).

■ Respondent claims it has no burden beyond the ten-day mailing requirement, such that it lawfully terminated appellant's benefits when she did not respond by the stated effective date. Appellant, however, argues that because the effective date fell on a day on which the agency was closed, the notice was untimely unless her time to respond was extended to the next succeeding business day. Under the general rules for the computation of time, which have been codified in Minnesota statutes, we agree with appellant.

The federal AFDC regulations do not specify the method of computing the ten-day notice period. Accordingly, we turn to state statutes that provide for such computation. *See In re Jama*, 436 F.Supp. 963, 965 (M.D.Fla.1977) (where a federal statute "fails to provide a procedure for a particular situation, the federal statute can be

supplemented, and its void filled, by state law insofar as it is not inconsistent with federal law").

Under three separate statutory provisions, when the last day of a notice period falls on a Saturday, Sunday, or legal holiday, performance of a required act is timely if performed on the next succeeding regular business day. The chapter governing the powers and duties of Minnesota counties provides that when any person is required to perform an act at a county office, and the county office is closed, "no liability or loss of rights on the part of any person shall result from the closing" if the person performs "on the next succeeding regular business day." Minn.Stat. § 373.-052, subd. 2 (1986). The chapter containing the general rules of statutory construction provides that where "the performance or doing of any act * * * is ordered or directed, and the period of time or duration for the performance or doing thereof is prescribed and fixed by law, * * * [and] the last day of the period falls on Saturday, Sunday, or a legal holiday, that day shall be omitted from the computation." Minn. Stat. § 645.15 (1986). More specifically, that chapter also states that when a "statement or other document is to be delivered to or filed with * * * [an] *agency* * * * of this state * * * on or before a prescribed date, and the prescribed date falls on a Saturday, Sunday or legal holiday, it is timely delivered or filed if it is delivered or filed on the next succeeding day which is not a Saturday, Sunday, or legal holiday." Minn.Stat. § 645.151 (1986) (emphasis added).

In the present case, the last day of the prescribed notice period fell on Saturday, November 30. The next succeeding business day was Monday, December 2, the day on which appellant contacted respondent and verified her whereabouts. Under the preceding statutory provisions, respondent unlawfully terminated appellant's benefits for failure to verify her whereabouts by November 30. *See* Minn.Stat. § 14.69(d).

Respondent contends that this court should defer to the Commissioner's interpretation of the federal and state public welfare regulations regarding timeliness. However, section 205.10 and the corresponding local AFDC rule embody the fundamental constitutional requisite of the opportunity to be heard " 'at a meaningful time and in a meaningful manner.' " *Goldberg,* 397 U.S. at 267, 90 S.Ct. at 1020 (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)). Any restriction on that right raises constitutional concerns. *See Ortiz v. Woods,* 129 Cal.App.3d 672, 679, 181 Cal. Rptr. 209, 213 (1982) ("it is doubtful whether requiring action by the recipient within 10 days of mailing rather than receipt of the notice is constitutional") (citing *Goldberg,* 397 U.S. 254, 90 S.Ct. 1011). Furthermore, ambiguities in federal regulations that deal with pre-hearing terminations "should be construed in favor of the [welfare] recipient." *Almeida v. Chang,* 434 F.Supp. 1177, 1180 (D.Hawaii 1977). Appellant's right to timely notice involves much more than the reasonableness of the Commissioner's interpretation of a statute, and we accordingly find no merit in respondent's request for deference to administrative expertise.

Because we reverse on the grounds that the notice of termination was untimely, we need not decide whether the evidence establishes that appellant lived at her address of record in November 1985.

## DECISION

Appellant was not given timely notice of termination of benefits. The trial court is ordered to enter judgment for appellant in the amount of benefits she lost by the improper termination.

Reversed.